UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LOUIS JOHN LIPAYNE, JR., ) | Case No.: 1:18 CV 273 |
| ) | |
| Plaintiff ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant ) | ORDER |

## I. INTRODUCTION

The Commissioner of Social Security Administration ("Commissioner") denied disability benefits to Plaintiff John Lipayne, Jr. ("Plaintiff" or "Lipayne"), in the above-captioned case. Plaintiff sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge James R. Knepp, II ("Magistrate Judge" or "Judge Knepp") for preparation of a Report and Recommendation ("R & R"). Both parties submitted briefs on the merits. (*See* ECF Nos. 10, 12, 13.) Plaintiff argued that the Administrative Law Judge ("ALJ") erred in denying him disability benefits on grounds that Plaintiff could perform a significant number of jobs in the national economy. Specifically, Plaintiff contended that the ALJ: (1) failed to adopt in the residual functional capacity ("RFC") the vocational expert's finding that Plaintiff would be off-task for more than 10% of the workday; (2) did not properly consider that Plaintiff's past work was in a family supported work environment; and (3) did not properly assess credibility. Thus, Plaintiff asserted that the ALJ erred in Step Five of the evaluation process, because the ALJ's finding that Plaintiff was capable of

other work, despite his obsessive/compulsive disorder ("OCD"), was not supported by substantial evidence.

Judge Knepp submitted his R & R (ECF No. 14) on January 29, 2019, recommending that the court affirm the Commissioner's final decision. Plaintiff filed Objections to the R& R on February 8, 2019 (ECF No. 15). The Commissioner responded to Plaintiff's Objections on February 12, 2019 (ECF No. 16). For the following reasons, the court adopts Judge Knepp's R & R, and affirms the Commissioner's final decision.

## II. ANALYSIS

Plaintiff contests Judge Knepp's finding that the ALJ's decision was supported by substantial evidence with respect to each of Plaintiff's three arguments. Instead, Plaintiff argues, on the same three grounds that he originally raised in seeking judicial review, that the evidence instead shows that he is incapable of work because his obsessive/compulsive disorder ("OCD") prohibits him from being able to sustain any full-time competitive employment. (Objections at 1.)

First, Plaintiff argues that there was not substantial evidence to support the ALJ's decision not to include in the RFC a limitation that Plaintiff would be off-task for more than 10% of the day. Plaintiff contends that had this statement been properly included in the RFC, it would have served as evidence that Plaintiff could not work, including in the jobs that the ALJ found existing in significant numbers in the national economy such as cleaner, laborer-stores, and production helper. However, an "ALJ can consider all evidence without directly addressing in his written decision every piece of evidence submitted by a party. Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as whole show that he implicitly resolved such conflicts." *Loral Defense Systems-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999). In

coming to the conclusion that Plaintiff "retains the sustained concentration, persistence, and pace necessary for simple work of a routine and repetitive type," the ALJ relied on the opinions of the physicians of record who each recognized that Plaintiff had some limitations, but also opined that Plaintiff could still perform work. (R & R 11–12.) Thus, there was substantial evidence that Plaintiff could still work, despite the vocational expert's response that Plaintiff would be off-task during 10% of the workday.

Second, Plaintiff argues that the ALJ did not properly consider that Plaintiff's past work was performed with significant accommodation from his family. Plaintiff's sister stated in a May 2015 contact with the state agency that she had created an accounting job for Plaintiff at the family business "for the purpose of helping [him] and helping parents out." (R & R at 6.) Plaintiff was also tasked with cleaning, sweeping, and taking out the trash. (R & R at 7.) In October 2014, the family was unable to continue paying Plaintiff when business worsened, but Plaintiff still worked there on a volunteer basis. (*Id*.) Plaintiff maintains that the ALJ and Judge Knepp should have considered whether Plaintiff's family employment was "supported employment," and found that Plaintiff's "OCD renders him at a level below that which an employer can hope to receive value for the wages paid." (Objections at 6.) In other words, Plaintiff argues that the fact that his family created a position for him, but that he is no longer paid to work there, shows that Plaintiff could not retain *any* paid position, skilled or unskilled. (Objections at 1, 5–6.) However, Plaintiff's argument does little to refute the ALJ's conclusions. The ALJ already found that Plaintiff was incapable of performing the skilled labor in past jobs, including the tasks that the family business required. (R & R at 15.) However, the ALJ still came to the conclusion, based on substantial evidence by physicians, that Plaintiff could still perform some work, such as unskilled labor. (R & R 11–12, 15.) In any case,

Plaintiff's argument that he is able to continue working as an unpaid volunteer does nothing more than to demonstrate that his family fell on tough times and could no longer pay him to work there.

Finally, Plaintiff asserts that the ALJ did not properly consider the credibility of Plaintiff or others who testified in support of his arguments. However, the credibility of statements is to be judged by the ALJ, not the reviewing court. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence."). The ALJ assigned significant weight to the state agency psychological consultants' opinions, which presented substantial evidence that Plaintiff retained the mental residual functional capacity for a range of work. Thus, despite Plaintiff's allegations that his impairments were fully disabling, the court cannot overturn the ALJ's findings because there is "substantial evidence [that] also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

### III. CONCLUSION

Accordingly, the court finds, after careful *de novo* review of the Magistrate Judge's R&R and all other relevant documents in the record, that Judge Knepp's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's R & R (ECF No. 14). The court hereby affirms the Commissioner's final decision.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

March 28, 2019